■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACOBSEN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of burglary in the second degree and possession of burglar's tools. Defendant contends that the court erred in the manner in which it instructed the jury concerning a statement of the codefendant, given in a hospital just prior to his death, which tended to exonerate defendant. Since there was no exception to the court's charge in this respect, the issue has not been preserved for appellate review (CPL 470.05 [2]). Even if we were to exercise our discretion to review this issue in the interest of justice, we would find no

reversible error. The court's instructions closely followed the pattern jury instructions on declarations against penal interest (see, 1 CJI[NY] 7.40, at 322-326) and were in accord with established principles of law.

The trial court did not err when it refused to charge the language of Penal Law § 15.20. It instructed the jury fully with respect to the declaration by the deceased codefendant which formed the basis for defendant's claim of mistake and also instructed the jury that it must determine whether defendant "knowingly" entered the dwelling and whether he possessed the requisite intent to commit a crime therein. Aside from the declarations of the deceased codefendant, the proof that defendant entered the premises with intent to commit a crime therein is overwhelming. The premises were entered late at night through a basement window that had been forced open and a screen that had been cut, the house was ransacked, and defendant was found with codefendant hiding in the basement. Thus, the jury clearly rejected the defense proffered by defendant that he was not aware that his codefendant intended to burglarize the premises. (Appeal from judgment of Supreme Court, Erie County, Marshall J.—burglary, second degree, and another offense.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.